# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JUSTIN CHARLES MASS, SR.,

        Plaintiff,

v.                                                                                                                   Case No. 10-CV-28

FOREST COUNTY SHERIFF and
FOREST COUNTY MEDICAL STAFF,

        Defendants.

# ORDER

The plaintiff, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was confined at the Forest County Jail. This matter comes before the court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $ .56. The plaintiff's motion will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

While a state prisoner housed at the Forest County Jail, the plaintiff wrote a request to "medical staff" to see a psychologist because he was having a problem controlling his temper. (Complaint at 3). A nurse came to the plaintiff's door and said, "Here, sign this." *Id.* Then she said, "Here, take these." *Id.* The plaintiff asked what the medication was, and the nurse told the plaintiff it was thorazine and trazodone. After taking the medication, the plaintiff's "eyes started going from side to side very rapidly and crossing." *Id.* The nurse never came back to check on the

plaintiff. He took the medication for four days. In addition to his eyes, the plaintiff's muscles were twitching and jumping.

The plaintiff avers that he still experiences side effects from the thorazine, including medication-induced hallucinations. He also avers that he later got out of prison and came back "partly" due to the hallucinations. (Complaint at 4).

The plaintiff contends that the defendants were deliberately indifferent and committed medical malpractice when they improperly dispensed medication to him without informing him of the possible side effects; he also suggests that they improperly diagnosed him and failed to monitor him while he was taking the medications.

The averments in the plaintiff's complaint implicate his Eighth Amendment rights. However, the plaintiff names only the Forest County Sheriff and the Forest County Medical Staff as defendants.

First, the plaintiff's complaint does not detail any personal involvement by the Forest County Sheriff. There is no *respondeat superior* liability under § 1983; thus, the Sheriff cannot be held liable for the actions of other employees of the jail. *Iqbal*, 129 S.Ct. at 1948 (Government officials may not be held liable under § 1983 for unconstitutional conduct of their subordinates under theory of *respondeat superior*). Additionally, the plaintiff does not suggest that this medication issue resulted from a jail policy or custom, for which the Sheriff may be liable in his official capacity. *See*

-3-

*Thomas v. Cook County Sheriff's Department*, 588 F.3d 445, 453-54 (7th Cir. 2009). Therefore, the plaintiff has not stated a claim against the Forest County Sheriff.

Second, although the plaintiff identified the "Forest County Medical Staff (et al.)" as a defendant, his complaint details only the actions of one nurse, who dispensed medication to the plaintiff. The court cannot simply substitute the nurse for the defendant the plaintiff named because it is unacceptable for a court to add litigants on its own motion. *Myles v. United States*, 416 F.3d 551 (7th Cir. 2005). Additionally, the plaintiff may be able to provide information regarding the personal involvement of other members of the Forest County Medical Staff.

The court will give the plaintiff an opportunity to file an amended complaint. If the plaintiff wants to proceed in this action, he must file an amended complaint that not only sets forth the factual basis for his claim, but also identifies the individuals personally involved in his medical treatment.[1] Such amended complaint must be filed on or before **Monday, May 24, 2010**. The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir.

---

[1] If the plaintiff is unable to identify by name the individuals involved, he should identify them as John Does or Jane Does. An inmate's "initial inability to identify" who caused his deprivation alone is not a proper ground for dismissal, as long as allegations state a claim against some identifiable person. *Billman v. Ind. Dep't of Corrs.*, 56 F.3d 785, 789 (7th Cir. 1995). Then, if the plaintiff is allowed to proceed on claims against those individuals, he will have to use discovery to identify them in order to effect service.

-4-

1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (citations omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, this action will be dismissed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **Monday, May 24, 2010**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $349.44 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant

Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.

It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2010.

BY THE COURT:

*[signature]*

J.P. Stadtmueller
U.S. District Judge